**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0156-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LOUIS LUIBIL,

     Defendant-Appellant.

_____

Argued September 20, 2018 – Decided October 9, 2018

Before Judges Nugent and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 03-04-0383.

John Vincent Saykanic argued the cause for appellant.

Ali Y. Ozbek, Assistant Prosecutor, argued the cause for respondent (Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent; Tom Dominic Osadnik, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Convicted by a jury in 2003 of first-degree carjacking, N.J.S.A. 2C:15-2(a)(1), and sentenced by the trial judge to an extended prison term of thirty-four years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, defendant, Louis Luibil, appeals an order denying his second petition for post-conviction relief (PCR). We affirm.

This case has a lengthy procedural history. In our opinion rejecting defendant's direct appeal, we summarized the facts underlying his conviction:

> On November 26, 2002, John Juby took his mother to a shopping center in Totowa. Mrs. Juby, who ambulates with the assistance of a walker, waited by the curb while her son got their car, a Taurus. He returned, left the car in idle and got out to help her into the passenger seat. While John Juby was loading the walker and packages into the trunk, defendant jumped into the driver's seat. Mrs. Juby had not yet pulled her legs around and into the car, and defendant jerked the car back-and-forth in an apparent effort to unseat her. When he was not successful, he drove away. Mrs. Juby was ejected and dragged a short distance. Neither John Juby nor Mrs. Juby were able to give the police more than a general description of the assailant.
>
> The day after the carjacking, the police contacted defendant's sister and notified her that her car had been found abandoned in the parking lot of the same shopping center. There was no fuel in the tank. The day before the carjacking, she had loaned it to her brother.
>
> Two days after the carjacking, defendant approached Irma Nieves in the parking lot of a supermarket. She

watched as he left the lot in a Taurus.  Defendant was apprehended minutes later.  A Belleville police officer saw him drive the Taurus over a double-yellow line while passing a bus.  He attempted to follow the car's route and found it parked and unoccupied about eight blocks away.  A second officer apprehended defendant. He eventually admitted that he had been driving the Taurus on the day of his arrest, but he denied knowing anything about the Jubys.  An observant bystander who had witnessed defendant take the Jubys' car identified him as Mrs. Juby's assailant.

[State v. Luibil, No. A-6762-03 (App. Div. Nov. 14, 2005) (slip op. at 2), certif. denied, 186 N.J. 245 (2006).]

On direct appeal, we rejected these arguments defendant raised:

I. THE TRIAL COURT ERRED IN DENYING DEFENSE COUNSEL'S MOTION FOR A MISTRIAL AS A RESULT OF TESTIMONY VOLUNTEERED BY A STATE'S WITNESS WHICH TENDED TO CONNECT THE DEFENDANT WITH OTHER, UNRELATED CRIMINAL CONDUCT.

II. THE PROSECUTOR'S SUMMATION EXCEEDED THE BOUNDS OF PROPRIETY. (PARTIALLY RAISED BELOW).

III. THE TRIAL COURT ERRED IN RULING THAT THE DEFENDANT'S PRIOR CONVICTIONS WERE ADMISSIBLE TO ATTACK CREDIBILITY. (NOT RAISED BELOW).

IV. THE DISCRETIONARY 34 YEAR EXTENDED TERM IMPOSED BY THE TRIAL COURT WAS UNCONSTITUTIONAL SINCE IT EXCEEDED THE

3

MAXIMUM SENTENCE AUTHORIZED BY THE JURY'S VERDICT.

V. THE SENTENCE IMPOSED WAS MANIFESTLY EXCESSIVE.

[Id. (slip op. at 3).]

Six years after affirming defendant's conviction and sentence on direct appeal, we affirmed the denial of his first PCR petition, rejecting these arguments:

POINT ONE

TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO REQUEST A WADE HEARING TO CHALLENGE THE ADMISSIBILITY OF A SHOW–UP IDENTIFICATION.

POINT TWO

DEFENSE COUNSEL WAS INEFFECTIVE IN FAILING TO MOVE FOR A MISTRIAL AFTER ONE OF THE STATE'S WITNESSES CONNECTED DEFENDANT TO OTHER BAD ACTS.

POINT THREE

IN THE ALTERNATIVE, DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIMS.

[State v. Luibil, No. A-1257-09 (App. Div. Jan. 10, 2012) (slip op. at 3), certif. denied, 212 N.J. 105 (2012).]

Defendant has since filed this, his second PCR petition, which the trial court denied in a September 2, 2016 written opinion. Defendant raises the following points for our consideration.

POINT I

DEFENDANT'S CONVICTION SHOULD BE VACATED AS DEFENDANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DUE TO HIS TRIAL, APPELLATE, AND FIRST PCR COUNSELS' FAILURE TO OBJECT TO THE INHERENTLY AND IMPERMISSIBLY SUGGESTIVE "COURTROOM SHOWUP" THAT LED TO THE STATE'S SOLE EYEWITNESS IDENTIFYING DEFENDANT; A PRESUMPTION OF INEFFECTIVENESS EXISTS UNDER CRONIC AND FRITZ; ALTERNATIVELY, COUNSELS' PERFORMANCES WERE DEFICIENT AND THESE DEFICIENT PERFORMANCES MATERIALLY AFFECTED THE OUTCOME OF THE PROCEEDINGS; THIS PROCEDURE ALSO CONSTITUTES A "STRUCTURAL ERROR" MANDATING REVERSAL; U.S. CONST. AMEND. VI; N.J. CONST. (1947) ART. 1, PAR. 10.

POINT II

THE CONVICTIONS SHOULD BE VACATED AS TRIAL COUNSEL WAS INEFFECTIVE IN HER CROSS-EXAMINATION OF THE WITNESS SCHOLTZ; PCR I COUNSEL WAS INEFFECTIVE IN FAILING TO RAISE THIS ISSUE; DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL WAS VIOLATED; U.S. CONST. AMENDS. VI AND XIV; N.J. CONST. (1947) ART. 1, PAR. 10.

POINT III

THE CONVICTION SHOULD BE VACATED AS TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO INVESTIGATE AND INTERVIEW THE STATE'S SOLE IDENTIFYING WITNESS MATTHEW SCHOLTZ AND FAILING TO INVESTIGATE/INTERVIEW BRIAN BURNS AND IN FAILING TO CALL BURNS AS A DEFENSE WITNESS AS REQUESTED BY DEFENDANT; DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL WAS VIOLATED; U.S. CONST. AMENDS. VI AND XIV; N.J. CONST. (1947) ART. 1, PAR. 10.

POINT IV

DEFENDANT'S CONVICTION SHOULD BE VACATED AS THE JURY INSTRUCTIONS AS TO IDENTIFICATION FAILED TO COMPLY WITH THE REQUIREMENTS OF STATE V. HENDERSON, 208 N.J. 208 (2011) AND THE NEW MODEL JURY INSTRUCTIONS AS TO "IDENTIFICATION: IN-COURT IDENTIFICATION ONLY" IN VIOLATION OF DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL (U.S. CONST. AMEND. XIV).

POINT V

THE COURT BELOW ERRED IN FINDING THAT DEFENDANT'S CLAIMS ARE BARRED UNDER R. 3:22-5.

We affirm, substantially for the reasons expressed by Judge Sohail Mohammed in his comprehensive written opinion. Defendant's arguments are

without sufficient merit to warrant further discussion in a written opinion.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0156-16T3